UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-CV-25143-RAR

LUIS EDUARDO SALAZAR,
  Plaintiff,

v.

VANEGAS INTERNATIONAL GROUP
LLC, *et al.*,
  Defendants.
_____/

**REPORT AND RECOMMENDATION[1]**
**ON PLAINITFF'S AMENDED MOTION TO ENFORCE SETTLEMENT AGREEMENT**

**THIS CAUSE** came before the Court on Plaintiff Luis Eduardo Salazar's ("Salazar") Amended Motion to Enforce Settlement Agreement, for Entry of Final Judgment Against Defendants, Vanegas International Group LLC, Matelo Enterprises, Inc., and Monica Vanegas ("Defendants")[2] Jointly and Severally, and for Attorneys' Fees and Costs, Including Future Fees and Costs Regarding Collection of Default ("Amended Motion"). ECF No. [109]. Defendants responded to Plaintiff's Amended Motion. ECF No. [113]. Upon consideration of the Amended Motion, the pertinent portions of the record, and the relevant authorities, the undersigned hereby **RECOMMENDS** that Plaintiff's Amended Motion, ECF No. [109], be **GRANTED**.

---

[1] This matter has been referred to the undersigned for all pre-trial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. ECF No. [111].

[2] This Report and Recommendation only relates to Defendants Vanegas International Group LLC, Matelo Enterprises, Inc., and Monica Vanegas, and not to defendant Anastacio Lorente. *See* ECF No. [109] at 1 n.1.

1

**I.    BACKGROUND**

On December 7, 2018 Plaintiff Luis Eduardo Salazar filed suit against Defendants alleging overtime and minimum wage violation, breach of contract, unjust enrichment, and money lent under the Fair Labor Standard Act 29 U.S.C. §§ 201–16. ECF No [1]. On February 20, 2020, Plaintiff filed a Notice of Settlement advising the Court Plaintiff had reached a settlement with Defendants. ECF No. [96]. Following the parties' Notice of Settlement, on February 24, 2020, the District Court entered an Order requiring the parties to submit their settlement agreement for the District Court's approval. ECF No [98].

On March 16, 2020 the parties filed a Joint Motion for Approval of Parties' Settlement Agreements, Stipulated Dismissal with Prejudice as to all Defendants, and for the Court to Retain Jurisdiction ("Joint Motion for Approval of Settlement Agreements"). ECF No [101]. That same day, the District Court entered an Order denying the parties' Joint Motion for Approval of Settlement Agreements because the settlement agreements did not indicate a proper distribution of the settlement funds. ECF No [102] at 3. As a result, on April 4, 2020, the parties filed a Renewed Joint Motion for Approval of Parties' Settlement Agreements, Stipulated Dismissal with Prejudice as to all Defendants, and for the Court to Retain Jurisdiction ("Renewed Motion for Approval of Settlement Agreements"). ECF No [104]. The parties' Renewed Motion for Approval of Settlement Agreements included a Revised Settlement Agreement between Plaintiff and Defendants. ECF No. [104-1].

According to the Revised Settlement Agreement, Plaintiff and Defendants agreed to resolve their dispute for $40,000.00, distributed as follows: $7,500.00 to Plaintiff as unpaid wages; $7,500.00 to Plaintiff as liquidated damages; $5,000.00 to Plaintiff as repayment for loan given to Monica Vanegas; $18,500.00 to Plaintiff's counsel as reasonable attorneys' fees; and $1,500.00 to

Plaintiff's counsel for litigation costs. ECF No. [104-1] at 1–2. According to the terms of the Revised Settlement Agreement, the sum of $40,000.00 was to be paid in accordance with the following schedule: $1,000.0 per month for the first twelve months (beginning on April 15, 2020, and on the fifteenth day of every month thereafter), and $2,000.00 per month for the following fourteen months. *Id*. Additionally, the Revised Settlement Agreement was conditioned on the District Court retaining jurisdiction to enforce the terms of the settlement agreement as required in *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012). *Id*.

On April 6, 2020, the District Court entered an Order approving the parties' Revised Settlement Agreement, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), as fair and reasonable. ECF No [105]. The District Court dismissed the case with prejudice and retained jurisdiction to enforce the settlement agreement. *Id*. at 3.

On May 7, 2020, Plaintiff filed a Motion to Enforce Settlement Agreement, Motion for Entry of Final Judgment Against Defendants, Vanegas International Group LLC, Matelo Enterprises, Inc., and Monica Vanegas, Jointly and Severally, and for Attorney's Fees and Costs, Including Future Fees and Costs Regarding Collection of Default ("Original Motion"). ECF No. [106]. On May 18, 2020, Plaintiff filed the Amended Motion. ECF No. [109].[3]

Plaintiff's Amended Motion requests the Court to enter an order enforcing the Revised Settlement Agreement with Defendants and enter judgment jointly and severally in his favor for the amount of $55,000.00. *Id*. at 3. Plaintiff further requests that Plaintiff's counsel be entitled to additional fees and costs against Defendants, jointly and severally. ECF No. [104-1] at 4. Finally, Plaintiff asks the Court to retain jurisdiction to determine Plaintiff's request for attorneys' fees and

---

[3] Upon the filing of the instant Amended Motion, the Court denied Plaintiff's Original Motion as moot. ECF No. [110].

costs upon collection of the Final Judgment and that the Final Judgment bear interest in accordance with 28 U.S.C. § 1961. *Id*.

On May 26, 2020, Defendants filed a Response to Plaintiff's Amended Motion to Enforce Settlement/Motion for Extension of Time ("Response"). ECF No. [113]. Defendants' Response, which was filed *pro se*, did not include any arguments and only requested that the Court grant an "extension motion" due to "COVID-19." *Id*. at 1–2. On June 4, 202, the Court entered an Order striking Defendants' Response because Defendants Vanegas International Group LLC and Matelo Enterprises, Inc. are unrepresented corporate entities without any attorney of record, and as such could not appear *pro se* and had to be represented by counsel. *Id*. The Court further explained that Defendants' Response contained an unsigned and incomplete certificate of service. *Id*.

## II. ANALYSIS

### A. The Court Has Jurisdiction To Enforce The Revised Settlement Agreement.

As an initial matter, the undersigned finds that the Court has jurisdiction to enforce the Revised Settlement Agreement. Here, on April 6, 2020, the District Court entered an Order approving the parties' settlement agreement and retaining jurisdiction to enforce the parties' settlement agreement. ECF No. [105]. Therefore, pursuant to the District Court's April 6, 2020 Order, the Court has jurisdiction to enforce the parties' Revised Settlement Agreement.

### B. Defendants Breached The Settlement Agreement.

The undersigned next analyzes whether Defendants have violated the Revised Settlement Agreement. Pursuant to the terms of the Revised Settlement Agreement, Defendants were required to pay the total sum of $40,000.00. ECF No. [104-1] at 1. This sum was to be paid in the following installments: $1,000 per month starting on April 15, 2020 and on the fifteenth day of every month for the first twelve months, and $2,000.00 per month for the following fourteen months. *Id*. at 1.

It was also agreed that if Defendants failed to provide payment by the due date, or if any check is returned for nonsufficient funds or for any other reason, Defendants would be notified and would have seven business days to cure the breach. *Id*. at 4. If the breach was cured in a timely fashion, Defendants were required to pay the breached amount plus an additional $1,000.00 for each breach. *Id*. If the breach was not timely cured, including the payment for the additional $ 1,000.00 per violation, a Final Judgment will be entered against Defendants, jointly and severally, for $ 55,000.00 plus fees and costs. *Id*.

Here, Plaintiff contends that Defendants failed to make the first installment payment on Wednesday, April 15, 2020. ECF No. [109] at 2. Indeed, according to Plaintiff, on Thursday April 28, 2020, Plaintiff's counsel sent an email to Defendant, Monica Vanegas, advising that Plaintiff had not received payment per the Revised Settlement Agreement and putting Defendants on notice of the breach. *Id*. Plaintiff received the first installment payment in the amount of $1,000.00 on May 6, 2020.[4] *Id*. However, on May 14, 2020, the first installment payment returned without sufficient funds. ECF No. [109-1].

The undersigned finds that the Settlement Agreement has been breached because Defendants have failed to make any of the required payments under the Revised Settlement Agreement and have failed to cure their default despite notice from Plaintiff about their violations of the Revised Settlement Agreement. ECF No. [109] at 3.

Accordingly, Plaintiff should be entitled to a Final Judgment against Defendants, jointly and severally, for the amount of $55,000.00. The Final Judgment shall bear interest in accordance with 28 U.S.C. § 1961.

---

[4] Defendants failed to include the additional breach payment of $1,000.00 pursuant to the Revised Settlement Agreement. ECF No [104-1] at 4.

### C.  Plaintiff Is Entitled To Reasonable Attorneys' Fees And Costs.

Finally, the undersigned next considers whether Plaintiff is entitled to reasonable attorneys' fees and costs in enforcing the Revised Settlement Agreement.  Plaintiff requests that upon collection of the Final Judgment, Plaintiff's counsel be entitled to additional fees and costs against Defendants, jointly and severally.  ECF No. [109] at 3.  Here, the parties' settlement agreement stated: "[i]f breach/default occurs, Plaintiff's counsel shall be entitled to attorney's fees and costs incurred related to the same and for collection . . . ."  ECF No. [104-1] at 4.  Accordingly, pursuant to the parties' Revised Settlement Agreement, Plaintiff is entitled to his reasonable attorneys' fees and costs incurred in enforcing the Revised Settlement Agreement.  Within sixty days of the District Court entering the Final Judgment, Plaintiff shall file a motion, which complies with the Local Rule 7.3(a)(1), regarding the amount of his reasonable attorneys' fees and costs incurred in enforcing the parties' settlement agreement.

### III.  RECOMMENDATION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiffs' Amended Motion, ECF No. [109], be **GRANTED**.  The District Court should enter Final Judgment against Defendants, joint and severally, in the amount of $55,000.00.  The Final Judgment shall bear interest in accordance with 28 U.S.C. § 1961.  Plaintiff should be entitled to his reasonable attorneys' fees and costs incurred in enforcing the Revised Settlement Agreement.

### IV.  OBJECTIONS

Pursuant to Local Magistrate Rule 4(b) and Federal Rule of Civil Procedure 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Any request for an extension of this deadline

must be made within five (5) calendar days from the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the report and shall bar the parties from challenging on appeal the District Judge's Order based on any factual or legal conclusions included in this Report to which the parties failed to object. 28 U.S.C. § 636(b)(1); *Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

    **DONE AND SUBMITTED** in Chambers at Miami, Florida on July 16, 2020.

                                                                     JACQUELINE BECERRA
                                                                       United States Magistrate Judge